```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


DERRICK VANTRELL MITCHELL,      :

     Plaintiff,                 :

vs.                             :   CIVIL ACTION 06-0373-CG-M

JAMES SMITH, et al.,            :

     Defendants.                :
```

REPORT AND RECOMMENDATION

This action is before the Court on Defendant Lareka Brazile's Motion to Dismiss. (Doc. 34). This Motion has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful consideration, it is recommended that the Motion be denied.

I.   Nature of Proceedings.

On June 19, 2006, Plaintiff filed a Complaint claiming he was assaulted on November 16, 2004, and Defendant John Doe participated in the assault. Then, on November 17, 2006, Plaintiff filed Motion for Leave to File an Amended Complaint (Doc. 18), in which he sought to substitute Lareka Brazile for John Doe. Treating the Motion as an Amended Complaint, the Court sent it with the Complaint and the Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Brazile. (Doc. 26). Defendant Brazile executed the Waiver of Summons. (Doc. 30).

In response to the Complaint and Amended Complaint, Defendant Brazile filed a Special Report (Doc. 35) and a Motion to Dismiss based on the two-year statute of limitations for § 1983 actions. (Doc. 34). Plaintiff was given notice that the Motion to Dismiss would be taken under submission by a certain date and that he had an opportunity to file any opposition thereto. (Doc. 38). Plaintiff did not file a response to the Motion.

II.   Discussion.

The parties agree that the incident occurred on November 16, 2004. (Docs. 1 & 14). However, in regard to the date that the Amended Complaint was filed, a disparity exists. Defendant Brazile maintains that the filing of the Amended Complaint, which substitutes Lareka Brazile for John Doe, occurred on November 17, 2006. (Doc. 34). And the Court's docket reflects November 17, 2006, as the date that Amended Complaint was received by the Court. (Doc. 18).

Whereas, a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk." *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The reason for this "mailbox rule" is that the delivery of a *pro se* prisoner's pleading to prison authorities is the only means by which a prisoner is able to send his pleading to the clerk. *Id.* at 275, 108 S.Ct. at 2384. At

that time when the prisoner loses control over his pleading, he cannot ensure when it will be mailed. *Id.* And the prison officials through their mail logs can determine when the pleading was received from the prisoner. *Id.* at 275, 108 S.Ct. at 2385.

The Eleventh Circuit Court of Appeals "considers notices of appeal, section 1983 complaints, Federal Tort Claims Act complaints, and section 2255 motions to vacate 'filed' when a *pro se* prisoner delivers one of them to a prison official for mailing." *Vanderberg v. Donaldson,* 259 F.3d 1321, 1325 n.4 (11th Cir. 2001) (citations omitted), *cert. denied,* 535 U.S. 976 (2002). And the Eleventh Circuit has assumed that a motion to amend the complaint is subject the "mailbox rule" as well. *Id.; see Crawford v. Crosby*, 2007 WL 4097757, at *1 n.2 (M.D. Fla. Nov. 15, 2007) (applying the "mailbox rule" to the filing of an amended petition) (unpublished).

In the present action, the Amended Complaint contains a certificate of service bearing the date of November 16, 2006, as the date that Plaintiff placed the Amended Complaint in the mail. (Doc. 18). The envelope that contained the Amended Complaint also has the same date, November 16, 2006, in its postmark. (*Id.*). Because the foregoing is the only evidence in the file relevant to when Plaintiff delivered his Amended Complaint to prison authorities, the Court finds that the date of filing is November 16, 2006. *Cf. United States v. Morales,* 2007 WL 2363816, at *1, 239 Fed. Appx. 533, 534 (11th Cir. Aug. 20, 2007)

("Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prisoner authorities the day he signed it.'") (citation omitted) (unpublished).

Because the assault occurred on November 16, 2004, it is necessary to calculate the time between the incident and the date of the Amended Complaint's filing to determine the whether the two-year statute of limitations bars the Amended Complaint.  Rule 6(a)(1) of the Federal Rules of Civil Procedure provides that "the day of the act, event, or default that begins the period" is excluded.  And the last day is included.  FED.R.CIV.P. 6(a)(3); *Day v. Chatman,* 130 Fed. Appx, 349, 351, 2005 WL 1027244, at **2 (11th Cir. 2005) (unpublished).  Thus, Plaintiff's Amended Complaint filed on November 16, 2006, at the prison was filed on the last day of the two-year limitation period, which began, for counting purposes, on November 17, 2004.  Accordingly, Plaintiff's Amended Complaint is not barred by the two-year statute of limitations.  *Cf. Green v. Doe,* 2007 WL 4561113, at *3 (5th Cir. Dec. 28, 2007) (finding the statute of limitations was equitably tolled, because the prisoner's two discovery attempts to learn John Doe's name were denied when eleven months were still available for discovery, thereby allowing prisoner to "amend his complaint under rule 15(a) without need to relate back under rule 15(c)")(unpublished).

4

III.  <u>Conclusion</u>.

Based upon the foregoing reason, it is recommended that Defendant Brazile's Motion to Dismiss (Doc. 34) be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a

Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        DONE this 18th day of March, 2008.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE